IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BARBARA WIENHOFF, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 3:21-cv-00501-NJR |
| v. | ) | |
| | ) | |
| CONAGRA BRANDS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CONAGRA BRANDS, INC.'S MOTION TO DISMISS
<u>CLASS ACTION COMPLAINT AND BRIEF IN SUPPORT</u>**

Angela M. Spivey (*pro hac vice*)
Andrew G. Phillips (*pro hac vice*)
Alan F. Pryor (*pro hac vice*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
angela.spivey@alston.com
andrew.phillips@alston.com
alan.pryor@alston.com

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................ 3

STANDARD ...................................................................................................... 4

ARGUMENT AND CITATION TO AUTHORITY ...................................................... 4

    I.      Plaintiff Has Not—And Cannot—Identify Any False or Misleading Representation for Her ICFA Claim to Survive ........................................... 4

          A.      No Reasonable Consumer Would Be Misled By the Pudding's "Made With Real Milk*" Label ................................................. 5

          B.      When Viewed in Context, the Pudding's Packaging Confirms No Reasonable Consumer Would Be Misled By the "Made With Real Milk*" Label. ................................................................. 11

    II.     All of Plaintiff's Claims Fail for Additional, Independent Reasons ..................... 14

          A.      Plaintiff's Fraud, ICFA, and Unjust Enrichment Claims Fail Because Plaintiff Cannot Allege Fraud with Particularity ...................... 14

          B.      Plaintiff's Fraud and ICFA Claims Fail Because Plaintiff Cannot Allege Scienter ...................................................................... 176

          C.      Plaintiff's Negligent Misrepresentation Claim Fails under Illinois Law ........................................................................................ 16

          D.      Plaintiff Fails to State Claims for Breach of Express or Implied Warranty ................................................................................... 19

          E.      Plaintiff's Unjust Enrichment Claim Fails as Duplicative of Her Other Claims .............................................................................. 19

    III.    Plaintiff Lacks Standing to Seek Injunctive Relief ............................................ 19

    IV.    The Court Should Dismiss Plaintiff's Complaint with Prejudice. ........................ 20

CONCLUSION .................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**C**ASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................................4

*Ass'n Benefit Servs. v. Caremark Rx, Inc.,*
    493 F.3d 841 (7th Cir. 2007) ..................................................................................19

*Atik v. Welch Foods, Inc.,*
    No. 15-cv-5405, 2016 U.S. Dist. LEXIS 136056 (E.D.N.Y. Sept. 30, 2016) ........20

*Baldwin v. Star Sci., Inc.,*
    78 F. Supp. 3d 724 (N.D. Ill. 2015) ...........................................................15, 17, 18

*Barreto v. Westbrae Nat., Inc.,*
    518 F. Supp. 3d 795 (S.D.N.Y. 2021)..............................................................2, 3, 16

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).........................................................................................4, 10, 14

*Bober v. Glaxo Wellcome Plc,*
    246 F.3d 934 (7th Cir. 2001) ........................................................................5, 11, 13

*Bowring v. Sapporo U.S.A., Inc.,*
    234 F. Supp. 3d 386 (E.D.N.Y. 2017) ...................................................................13

*Brown v. Starbucks Corp.,*
    No. 18-cv-2286, 2019 U.S. Dist. LEXIS 33211 (S.D. Cal. Mar. 1, 2019) ...............9

*Camasta v. Jos. A. Bank Clothiers, Inc.,*
    761 F.3d 732 (7th Cir. 2014) .............................................................................19, 20

*Chase v. Hobby Lobby Stores, Inc.,*
    No. 17-CV-00881, 2017 U.S. Dist. LEXIS 162909 (S.D. Cal. Oct. 2, 2017) ........15

*Cheslow v. Ghirardelli Chocolate Co.,*
    445 F. Supp. 3d 8 (N.D. Cal. 2020) ................................................................10, 12

*Connick v. Suzuki Motor Co.,*
    675 N.E.2d 584 (Ill. 1996)......................................................................................19

*Conrad v. Boiron, Inc.,*
    869 F.3d 536 (7th Cir. 2017) ..................................................................................20

*Cosgrove v. Blue Diamond Growers*,
No. 19-civ-8993, 2020 U.S. Dist. LEXIS 229294 (S.D.N.Y. Dec. 7, 2020) ............................2

*Davis v. Hain Celestial Grp., Inc.*,
297 F. Supp. 3d 327 (E.D.N.Y. 2018) ........................................................................7, 12, 15

*Doermer v. Callen*,
847 F.3d 522 (7th Cir. 2017) ...............................................................................................20

*Fitzgerald v. Polar Corp.*,
No. 20-10877, 2020 U.S. Dist. LEXIS 210157 (D. Mass. Nov. 10, 2020) ........................7, 9

*Forth v. Walgreen Co.*,
No. 17-cv-2246, 2018 U.S. Dist. LEXIS 39212 (N.D. Ill. Mar. 9, 2018) ........................17, 19

*Fuchs v. Menard, Inc.*,
No. 17-cv-01752, 2017 U.S. Dist. LEXIS 160336 (N.D. Ill Sept. 29, 2017) ...................11, 12

*Galanis v. Starbucks Corp.*,
No. 16-C-4705, 2016 U.S. Dist. LEXIS 142380 (N.D. Ill. Oct. 14, 2016) ...........................12

*George v. AMGEN, Inc.*,
No. 18-C-6421, 2019 U.S. Dist. LEXIS 234137 (N.D. Ill. June 6, 2019) ..............................10

*Geske v. PNY Techs., Inc.*,
503 F. Supp. 3d 687 (N.D. Ill. 2020) ........................................................................... passim

*Gondeck v. A Clear Title & Escrow Exch., LLC*,
47 F. Supp. 3d 729 (N.D. Ill. 2014) .....................................................................................17

*Guajardo v. Skechers USA, Inc.*,
No. 4:19-cv-04104, 2021 U.S. Dist. LEXIS 179774 (C.D. Ill. Sept. 21, 2021) .............. passim

*Harris v. Mondelez Glob. LLC*,
No. 19-cv-2249, 2020 U.S. Dist. LEXIS 133715 (E.D.N.Y. July 28, 2020)................... passim

*Hemy v. Perdue Farms, Inc.*,
No. 11-cv-888, 2011 U.S. Dist. LEXIS 137923 (D.N.J. Nov. 30, 2011) .................................5

*Henderson v. Gruma Corp.*,
No. 10-CIV-4173, 2011 U.S. Dist. LEXIS 41077 (C.D. Cal. Apr. 11, 2011) ..........................7

*Horist v. Sudler & Co.*,
941 F.3d 274 (7th Cir. 2019) ...............................................................................................19

*Hu v. Huey*,
No. 07 C 3822, 2008 U.S. Dist. LEXIS 54866 (N.D. Ill. July 18, 2008) ...............................14

*Ibarolla v. Nutrex Rsch., Inc.*,
   No. 12 C 4848, 2012 U.S. Dist. LEXIS 155721 (N.D. Ill. Oct. 31, 2012) ............................17

*Ibarrola v. Kind, LLC*,
   83 F. Supp. 3d 751 (N.D. Ill. 2015) ............................................................................ passim

*Jones v. Apple, Inc.*,
   No. 15-249, 2016 U.S. Dist. LEXIS 112290 (S.D. Ill. Aug. 22, 2016) ..................................18

*Jones v. Orgain, LLC*,
   No. 20 CV 8463 (VB), 2021 U.S. Dist. LEXIS 183299 (S.D.N.Y. Sept. 24, 2021) .............5, 9

*Manchouck v Mondeléz Int'l, Inc.*,
   No. C 13-02148, 2013 U.S. Dist. LEXIS 138877 (N.D. Cal. Sept. 26, 2013) .........................7

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) .................................................................................5, 7, 13, 14

*Ollivier v. Alden*,
   634 N.E.2d 418 (Ill. 1994) ................................................................................................16

*Phila. Indem. Ins. Co. v. Chi. Title Ins. Co.*,
   771 F.3d 391 (7th Cir. 2014) ..............................................................................................4

*Pichardo v. Only What You Need, Inc.*,
   No. 20-cv-493, 2020 U.S. Dist. LEXIS 199791 (S.D.N.Y. Oct. 27, 2020)..............................2

*Red v. Kraft Foods, Inc.*,
   No. 10-cv-1028, 2012 U.S. Dist. LEXIS 164461 (C.D. Cal. Oct. 25, 2012)............................8

*Sarr v. BEF Foods, Inc.*,
   No. 18-cv-6409, 2020 U.S. Dist. LEXIS 25594 (E.D.N.Y. Feb. 13, 2020) ................... passim

*Schiesser v. Ford Motor Co.*,
   No. 16 C 730, 2017 U.S. Dist. LEXIS 53180 (N.D. Ill. Apr. 6, 2017)...................................19

*Spector v. Mondelez Int'l, Inc.*,
   178 F. Supp. 3d 657 (N.D. Ill. 2016) ......................................................................14, 16, 18

*Steele v. Wegmans Food Mkts., Inc.*,
   472 F. Supp. 3d 47 (S.D.N.Y. 2020)....................................................................................2

*Twohig v. Shop-Rite Supermkts., Inc.*,
   519 F. Supp. 3d 154 (S.D.N.Y. 2021)................................................................................16

*Winston v. Hershey Co.*,
   No. 19-CV-3735, 2020 U.S. Dist. LEXIS 247128 (E.D.N.Y. Oct. 26, 2020).........................10

*Yeftich v. Navistar, Inc.*,
  722 F.3d 911 (7th Cir. 2013) ...............................................................................16

**RULES**

Fed. R. Civ. P. 9(b) ...............................................................................14, 15

Fed. R. Civ. P. 12(b)(6) ........................................................................... 4

Fed. R. Civ. P. 15(a)(2) ...........................................................................20

**STATUTES**

15 U.S.C. § 2301, *et seq.*.........................................................................4, 19

21 U.S.C. § 343(w)(1)...............................................................................7

810 ILCS 5/2-607(3)(a) ...........................................................................18

815 ILCS 505/1, *et seq.*........................................................................... passim

**REGULATIONS**

21 C.F.R. § 101.62(b) ...............................................................................8

21 C.F.R. § 131.110(a)...............................................................................8

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Conagra Brands, Inc. ("Conagra") moves to dismiss Plaintiff Barbara Wienhoff's ("Plaintiff") Class Action Complaint (Dkt. 1) because the Complaint fails to state a claim upon which relief can be granted, and because the Plaintiff lacks standing to pursue injunctive relief.

## INTRODUCTION

Plaintiff claims she is a reasonable consumer, but her Complaint shows that she is anything but. Her central allegation is that Conagra's Chocolate Fudge Pudding Snack Pack is falsely labeled as "Made with Real Milk*" because it is made with nonfat milk. She bases this claim on an irrational belief that "Made with Real Milk*" insinuates the Pudding is made with whole milk. Critically, Plaintiff only reaches these unreasonable conclusions because she admittedly ignores (1) the on-label asterisk in the phrase "Made with Real Milk*[,]" which directs the consumer to the disclosure "*Made With Nonfat Milk" and (2) the product ingredient list identifying nonfat milk as the second ingredient by predominance. Such speculative, unilateral assumptions—untethered to the actual product packaging and disclosures—do not state a plausible claim for relief, not in the least because no reasonable consumer would be misled by the Pudding's labeling.

Curiously, Plaintiff's counsel Spencer Sheehan already sampled an identical challenge to Conagra's Snack Pack Pudding in the Southern District of New York. *See Mena v. Conagra Brands, Inc.*, No. 1:20-cv-04505 (S.D.N.Y. filed June 6, 2020). In fact, this case is one of **hundreds** of similarly frivolous suits brought by Mr. Sheehan challenging "made with real" labeling, vanilla labeling, and other ingredient and flavor labeling on food products. But courts have soured on these cases and see them for exactly what they are—contrived challenges to food labels that would not deceive a reasonable consumer—and routinely send Mr. Sheehan's "made with real" and similar suits out to pasture. *See, e.g., Harris v. Mondelez Glob. LLC*, No. 19-cv-

1

2249, 2020 U.S. Dist. LEXIS 133715, at *5-6 (E.D.N.Y. July 28, 2020) ("made with 'real' cocoa"); *Sarr v. BEF Foods, Inc.*, No. 18-cv-6409, 2020 U.S. Dist. LEXIS 25594, at *12 (E.D.N.Y. Feb. 13, 2020) ("made with real . . . butter"); *see also Steele v. Wegmans Food Mkts., Inc.*, 472 F. Supp. 3d 47, 50 (S.D.N.Y. 2020); *Pichardo v. Only What You Need, Inc.*, No. 20-cv-493, 2020 U.S. Dist. LEXIS 199791, at *14 (S.D.N.Y. Oct. 27, 2020); *Cosgrove v. Blue Diamond Growers*, No. 19-civ-8993, 2020 U.S. Dist. LEXIS 229294, at *12 (S.D.N.Y. Dec. 7, 2020); *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 809-10 (S.D.N.Y. 2021).

As the saying goes, "the proof of the pudding is in the eating,"[1] and apparently the eating in New York federal courts was not all that appetizing to Mr. Sheehan.  After Conagra's motion to dismiss was fully briefed and ripe for disposition, Mr. Sheehan voluntarily dismissed the first Snack Pack Pudding suit.  *See Mena*, No. 1:20-cv-04505, (S.D.N.Y. May 20, 2021), Dkt. 26.  He filed this virtually identical suit (now, with a new plaintiff) in the Southern District of Illinois, presumably in search of greener pastures and a more favorable forum.

This Court should reject this obvious attempt at forum-shopping.  Plaintiff's claims fare no better under Illinois law than they did in New York.  Plaintiff's claims should be dismissed because the label "Made with Real Milk*" is accurate and would not mislead a reasonable consumer and, separately, because the truthful statements on the label would dispel any irrational understanding.  Plaintiff's claims also fail for the additional reasons set forth below.  Each of Plaintiff's common law claims fail because she does not—and cannot—allege facts in support of their necessary elements.  Finally, Plaintiff lacks standing to seek injunctive relief because she now knows the "truth" about the Pudding; thus, there is no danger that she will again be "deceived."  This Court should join the ranks of courts that have found similar "made with real"

---

[1] https://dictionary.cambridge.org/us/dictionary/english/proof-of-the-pudding-is-in-the-eating.

suits utterly lacking and dismiss Plaintiff's Complaint with prejudice.

## BACKGROUND

Conagra produces, markets, and sells chocolate fudge pudding products as part of its Snack Pack product line, including the Chocolate Fudge Pudding Snack Pack product at issue here (the "Pudding"). Compl. (Dkt. 1) ¶ 1. The front of the Pudding's packaging truthfully and accurately states that it is "Made with Real Milk*." *Id.* ¶ 16. A second "Made with Real Milk*" statement appears at the top of the Pudding packaging. *Id.* ¶ 17. Both of these statements contain asterisks that coincide with a disclosure at the top of the Pudding's packaging that the Pudding is "*Made with Nonfat Milk[.]" *Id.* ¶¶ 1-17. As federally mandated by the FDA, the Pudding label contains an ingredient statement that identifies all the ingredients contained in the Pudding. *See id.* ¶ 22. Again here, the Pudding truthfully and accurately discloses that it contains nonfat milk and palm oil, along with other ingredients in order of predominance. *See id.* The label also contains a federally-mandated food allergen statement, again disclosing that the Pudding "**Contains: Milk**[.]" *See id.*

Paying no mind to these repeated, truthful disclosures that the Pudding was made with nonfat milk, Plaintiff alleges that Conagra's labeling of the Pudding as "Made with Real Milk*" is false and deceptive. *See, e.g.*, Compl. ¶¶ 24, 31-33. The reason? From Plaintiff's skewed telling, the statement "Made with Real Milk*" gives "consumers the impression that the [Pudding's] fat content will come exclusively or predominantly from milkfat." *Id.* ¶ 31. Therefore, Plaintiff claims Conagra cannot promote the Pudding as "Made with Real Milk*" when it was made with nonfat milk because "none of the Product's fat content is from milkfat." *Id.* ¶ 32. She alleges that she purchased the Pudding based on her belief that the Pudding contained "whole milk, a source of milkfat" and that the Pudding's fat content was derived from milk sources. *Id.* ¶¶ 61-62. Plaintiff asserts five causes of action: (1) violation of the Illinois

Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* ("ICFA"); (2) breach of express warranty, implied warranty, and the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("MMWA"); (3) common law negligent misrepresentation; (4) common law fraud; and (5) common law unjust enrichment.

## STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   A plaintiff, however, cannot carry her burden with "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]"  *Id.*  A complaint's ***factual*** allegations instead "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A court also must "draw on its judicial experience and common sense" to determine whether a claim is plausible.  *Iqbal*, 556 U.S. at 679.  Plaintiff cannot meet even these basic pleading requirements, and her Complaint should be dismissed with prejudice in its entirety.

## ARGUMENT AND CITATION TO AUTHORITY

### I.    Plaintiff Has Not—And Cannot—Identify Any False or Misleading Representation for Her ICFA Claim to Survive

To state an ICFA claim, a plaintiff must show: "(1) a deceptive act or practice by the defendant; (2) the defendant intended that the plaintiff rely on the deception; (3) the deceptive act occurred in a course of conduct involving trade or commerce; and (4) actual damage to the plaintiff; (5) proximately caused by the deceptive act." *Guajardo v. Skechers USA, Inc.*, No. 4:19-cv-04104, 2021 U.S. Dist. LEXIS 179774, at *6 (C.D. Ill. Sept. 21, 2021) (quoting *Phila. Indem. Ins. Co. v. Chi. Title Ins. Co.*, 771 F.3d 391, 402 (7th Cir. 2014)).  A statement is deceptive only if it is likely to deceive reasonable consumers.  *Geske v. PNY Techs., Inc.*, 503 F.

Supp. 3d 687, 705 (N.D. Ill. 2020).  Thus, to satisfy the reasonable consumer standard, Plaintiff

must demonstrate a probability that a significant portion of the general consuming public, acting

reasonably in the circumstances, could be misled.  *Id.*

Plaintiff falls far short of stating a claim under this standard.  The statement "Made with

Real Milk*" is true and not misleading as a matter of law, and Plaintiff cannot plausibly allege

that reasonable consumers share her bizarre interpretation of Conagra's labeling.  Plaintiff's

Complaint should be dismissed with prejudice.  *See Bober v. Glaxo Wellcome Plc*, 246 F.3d 934,

940 (7th Cir. 2001); *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756-59 (N.D. Ill. 2015).

### A.  No Reasonable Consumer Would Be Misled By the Pudding's "Made With Real Milk*" Label

Plaintiff's central allegation is that Conagra's labeling—that the Pudding is "Made with

Real Milk*"—falsely insinuates that the Pudding contains milkfat or that it is made with whole

milk.  *See* Compl. ¶¶ 24, 31-33.  This claim is utterly baseless.  As an initial matter, claiming

without support that consumers hold an unreasonable understanding of the term "real" cannot

support a plausible claim for relief.  Courts in this Circuit and others have dismissed similarly

unfounded allegations about reasonable consumers.  *See, e.g.*, *Ibarrola*, 83 F. Supp. 3d at 756

(dismissing conclusory allegation that the statement "no refined sugars" was "false and

misleading to reasonable consumers, who are likely to understand such claims to mean—as

Plaintiff did—that the Products contain only naturally occurring, unrefined sugars"); *see also*

*Moore v. Trader Joe's Co.*, 4 F.4th 874, 884 (9th Cir. 2021) (concluding that no consumer "of

any level of sophistication" could interpret the label as the plaintiff alleged); *Hemy v. Perdue*

*Farms, Inc.*, No. 11-cv-888, 2011 U.S. Dist. LEXIS 137923, at *49 (D.N.J. Nov. 30, 2011)

("Plaintiffs' allegations . . . merely state in a conclusory fashion what consumers would expect.

Such a conclusory statement is not entitled to a presumption of truth under modern pleading

standards."); *Jones v. Orgain, LLC*, No. 20 CV 8463 (VB), 2021 U.S. Dist. LEXIS 183299, at *7 (S.D.N.Y. Sept. 24, 2021) ("But Plaintiff present[s] no allegations that would show [her] argument regarding the taste of [] vanilla is anything but a subjective one, not shared by the reasonable consumer.").

Plaintiff's Pudding allegations fall woefully short of plausibly showing that a *significant portion* of "the general consuming public . . . acting reasonably" could be misled.  *Geske*, 503 F. Supp. 3d at 705.  For instance, the Northern District of Illinois rejected a similar challenge that the label claim "no refined sugars" was misleading because it purportedly implied that the product contained sugar cane in its natural state.  *Ibarrola*, 83 F. Supp. 3d at 756-59.  The court found this allegation simply "[was] not plausible."  *Id.* at 756.  Even setting aside the additional disclosures on the packaging that would have dispelled any irrational understanding of the "no refined sugars" claim, the court still found that the plaintiff's claims of deception were contrary to that of typical consumers.  Common sense dictated that "[r]easonable consumers do not believe that they are eating straight sugar cane in Vanilla Blueberry Clusters or any other food product because sugar cane in its natural, unprocessed state is indigestible."  *Id.* at 758.

Similarly, courts have dismissed analogous "made with real" labeling suits (including a number raised by Mr. Sheehan) because they defy common sense and reasonable consumers' everyday experiences.  In one case brought by Mr. Sheehan, the court dismissed with prejudice the plaintiff's claim challenging mashed potatoes labeled as "Made With Real . . . Butter" because it was "not plausible that a reasonable consumer would likely interpret the 'real butter' representation to imply that the Mashed Potatoes did not also contain additional fats."  *Sarr*, 2020 U.S. Dist. LEXIS 25594, at *12.  The "statement [that the Mashed Potatoes contained real butter] was true," and the defendant made no representation that the Mashed Potatoes did not

6

contain other fats or oils.  *Id.* at *21-22.  The court similarly rejected the plaintiff's challenge to the phrase "farm-fresh goodness" because no reasonable consumer would believe that the mashed potatoes arrived freshly from a farm.  *Id.* at *15.  Common sense dictated that "mashed potatoes is a cooked dish and obviously requires some amount of processing between the cultivation of its ingredients on a farm and its arrival on the dinner table."[2]  *Id.*

So too here.  Plaintiff's Complaint defies common sense and challenges labeling that is accurate, true, and would not mislead any reasonable consumer.  The Pudding's packaging states that it is "Made With Real Milk*," which it is.  This statement contains an asterisk coinciding with the disclosure "*Made With Nonfat Milk[,]" which it is.  The Pudding contains an allergen statement that it contains "Milk[,]" which it does.  Compl. ¶ 22; *see* 21 U.S.C. § 343(w)(1) (requiring disclosure that a product "Contains" a "major food allergen"); § 321(qq)(1) (defining "major food allergen" to include "Milk").  The Pudding's label does *not* state: that it is made with whole milk; that milkfat is the exclusive (or even main source) of the Pudding's fat content; or that it contains no other fats or oils.  *See Guajardo*, 503 F. Supp. 3d 746, 754 (rejecting similarly contrived inferences from the plain language of the labeling and concluding the plaintiff failed to identify "any direct statements that contain material omissions" in the challenged advertising and labeling).  Plaintiff's irrational, unilateral belief that nonfat milk somehow is not "Real Milk*" is conclusory and contrary to the experience of typical consumers who see a variety of cow's milk in their supermarkets' dairy section—each of which is as "real"

---

[2] These cases illustrate a growing body of case law that courts will not allow meritless labeling challenges that defy common sense.  *See, e.g., Moore*, 4 F.4th at 883-84;  *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 335, 336 (E.D.N.Y. 2018); *Fitzgerald v. Polar Corp.*, No. 20-10877, 2020 U.S. Dist. LEXIS 210157, at *9-11 (D. Mass. Nov. 10, 2020); *Harris*, 2020 U.S. Dist. LEXIS 133715, at *5-6; *Manchouck v Mondeléz Int'l, Inc.*, No. C 13-02148, 2013 U.S. Dist. LEXIS 138877, at *7-9 (N.D. Cal. Sept. 26, 2013), *aff'd* 603 F. App'x 632 (9th Cir. 2015); *Henderson v. Gruma Corp.*, No. 10-CIV-4173, 2011 U.S. Dist. LEXIS 41077, at *33-34 (C.D. Cal. Apr. 11, 2011).

as the next.  *See, e.g.*, *Ibarrola*, 83 F. Supp. 3d at 758 (rejecting the plaintiff's claim of deception as contrary to the everyday experience and common knowledge of reasonable consumers); *Sarr*, 2020 U.S. Dist. LEXIS 25594 at *12-13; *Harris*, 2020 U.S. Dist. LEXIS 133715, at *5-6. Dismissal is appropriate where, as here, the Complaint "alleges that a consumer will read a true statement on a package and will then disregard 'well-known facts of life' and assume things about the products *other than* what the statement actually says."  *Red v. Kraft Foods, Inc.*, No. 10-cv-1028, 2012 U.S. Dist. LEXIS 164461, at *9 (C.D. Cal. Oct. 25, 2012) (emph. in original).

Plaintiff's remaining efforts to argue that nonfat milk cannot be "Real Milk*" are speculative and meaningless.  *First*, Plaintiff cherry-picks FDA regulations to argue "[m]ilk is defined as 3.25% milkfat (containing Vitamin A) and 8.25% nonfat milk solids."  Compl. ¶ 7 (citing 21 C.F.R. § 131.110(a)).  But the regulation cited by Plaintiff *also* states that milk may be "adjusted by separating part of the milkfat therefrom."  21 C.F.R. § 131.110(a).  Additionally, neither "nonfat milk" nor "whole milk" has a separate FDA standard of identity—each is just a variety of milk.  Nonfat milk is merely milk which meets the regulatory requirements for a "nonfat" or "skim" nutrient content claim. 21 C.F.R. § 101.62(b).  Thus, pursuant to FDA regulations, nonfat milk is unequivocally real milk that—like 2% milk or 1% milk —simply has less fat than whole milk.  Each is "real" milk.  But even setting aside Plaintiff's erroneous regulatory argument, the Complaint is devoid of any allegation that reasonable consumers embrace Plaintiff's irrational understanding of "Real Milk*" and are deceived by the labeling.

*Second*, Plaintiff's allegations about the organic makeup, characteristics, and nutritional content of nonfat milk versus whole milk fails to state a plausible basis for her claims.  *See* Compl. ¶¶ 3, 25-40.  Plaintiff concedes the Pudding contains milk, *see* Compl. ¶ 22, and there is no basis to assert that reasonable consumers would share Plaintiff's unreasonable understanding

of the Pudding labeling.  Courts have rejected similarly wishful claims, including those raised by Mr. Sheehan.  *See, e.g.*, *Ibarrola*, 83 F. Supp. 3d at 759 ("Thus, a reasonable consumer would not conclude, as [the plaintiff] alleges she did, that Vanilla Blueberry Clusters contained 'only naturally occurring, unrefined sugars.'"); *Jones*, 2021 U.S. Dist. LEXIS 183299, at *7 (in a vanilla suit brought by Mr. Sheehan, rejecting the plaintiff's argument that the product fails to taste like vanilla because it lacks certain odor-active compounds, reasoning that the plaintiff failed to show that her "argument regarding the taste of [] vanilla is anything but a subjective one, not shared by the reasonable consumer. . . .  Indeed, differences in products' vanilla flavoring profile are myriad and may be intentional"); *Harris*, 2020 U.S. Dist. LEXIS 133715, at *7-8 (in "real cocoa" suit brought by Mr. Sheehan, rejecting claims that cocoa was processed with alkali which allegedly diminished the health benefits, quality, and taste of the cocoa); *Fitzgerald*, 2020 U.S. Dist. LEXIS 210157, at *6-7, *10-12 (in "real ginger" suit, rejecting claims that the allegedly "microscopic" amount of ginger flavor extract provided none of the health benefits associated with real ginger).

As one court put it, "[a]ny reasonable consumer would know ginger ale for what it is—a carbonated drink with ginger flavoring and probably containing an unhealthy amount of sugar. Nothing about the 'made from real ginger' claim is deceptively untrue, and no public policy is served by allowing this matter to percolate further."  *Fitzgerald*, 2020 U.S. Dist. LEXIS 210157, at *11-12; *see also Brown v. Starbucks Corp.*, No. 18-cv-2286, 2019 U.S. Dist. LEXIS 33211, at *9 (S.D. Cal. Mar. 1, 2019) ("The Gummies are clearly visible to the consumer through the transparent packaging. Nothing about the product itself—a brightly-colored, gelatinous candy— would lead a reasonable consumer to conclude that the Gummies contain only natural ingredients.").  Here, too, reasonable consumers know Snack Pack Puddings for exactly what

they are: sweet, indulgent snacks and desserts.  There is nothing about puddings, and specifically this Pudding, that would cause reasonable consumers to irrationally place stock in the hope that it might contain compounds like branched-chain amino acids (Compl. ¶ 9), short-chain fatty acids (*id.* ¶ 8), or even "2% of the daily value of Vitamin A" that Plaintiff alleges some amount of whole milk provides (*id.* ¶ 28).  *See Ibarrola*, 83 F. Supp. 3d at 754-55 (dismissing allegations that "no refined sugars" is misleading and that the product's sweetener—evaporated cane juice—"is still a refined sugar with very little nutritional value").

*Third*, Plaintiff's anecdotal references are red herrings that have no bearing on whether a reasonable consumer would be misled.  Plaintiff's reference to the *front* labels of other manufacturers' pudding products does nothing to propel her claims "across the line . . . to plausible" to survive a motion to dismiss.  *Twombly*, 550 U.S. at 570; *see* Compl. ¶ 42.  Plaintiff wrongly argues "Defendant's Product is deceptively labeled compared to other similar products" in the market (Compl. ¶ 42), and just a quick Google search gives proof to the lie.  For example, while the front panel of the JELL-O brand chocolate pudding included in the Complaint states simply "Made with Milk" (*id.*), the rear panel of the same product discloses it is made with skim milk.[3]   In other words, to both reasonable consumers and competitors alike, milk is milk. Plaintiff also contrives a false equivalency to a century old law concerning "filled milk" that has no bearing on reasonable consumers' understanding, the Pudding labeling at issue, or the baseless nature of Plaintiff's claims.  These "anecdotal allegations of consumer confusion" cannot state a plausible claim that labeling would mislead a reasonable consumer.  *See, e.g.*, *Winston v. Hershey Co.*, No. 19-CV-3735, 2020 U.S. Dist. LEXIS 247128, at *12 (E.D.N.Y.

---

[3]  Image available here.  Because Plaintiff included a partial image of this label the Court may take judicial notice of the entire label.  *See George v. AMGEN, Inc.*, No. 18-C-6421, 2019 U.S. Dist. LEXIS 234137, at *4 n.1 (N.D. Ill. June 6, 2019).

Oct. 26, 2020); *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 17 (N.D. Cal. 2020).

In short, Plaintiff cannot meet the basic requirement that she plausibly allege "that a significant portion of the general consuming public . . . acting reasonably in the circumstances, could be misled" by the statement "Made With Real Milk*[.]"  *Geske*, 503 F. Supp. 3d at 705.

## B.  When Viewed in Context, the Pudding's Packaging Confirms No Reasonable Consumer Would Be Misled By the "Made With Real Milk*" Label

Although the Court need not go any further than the accurate statement "Made With Real Milk*" to conclude that reasonable consumers do not share Plaintiff's bizarre interpretation of Conagra's labeling, it may also consider the *entire* Pudding packaging to conclude that there is nothing to mislead a reasonable consumer.  *See, e.g.*, *Ibarrola*, 83 F. Supp. 3d at 759.  It is settled in the Seventh Circuit that context is crucial, and courts "must view the allegedly misleading statement in light of the information available to [the plaintiff] at the time of her purchase."  *Id.*; *accord Bober*, 246 F.3d at 939-40.  Courts, therefore, consider the entire context of the package because a disclaimer, other clarifying language, or an ingredients list may defeat even a colorable claim of confusion (and, to be clear, no such colorable argument exists here).  *See, e.g.*, *Fuchs v. Menard, Inc.*, No. 17-cv-01752, 2017 U.S. Dist. LEXIS 160336, at *12-13 (N.D. Ill Sept. 29, 2017) ("[D]eceptiveness [under ICFA] is evaluated specifically in light of 'all the information available to the consumer[.]").

Here, there are, not one, but two independent sets of information on the Pudding that would dispel any irrational interpretation of the statement "Made With Real Milk*."  *First*, the Pudding's ingredients statement forecloses any claim that consumers would be misled.  Courts routinely find that consumers cannot claim deception while they ignore the very information that would dispel any unreasonable understanding.  *See, e.g.*, *Ibarrola*, 83 F. Supp. 3d at 759 (concluding that the plaintiff should have considered the ingredients statement to arrive at a

reasonable understanding of "no refined sugars"); *Bober*, 246 F.3d at 940 ("[E]xamining the statements at issue, together and in the context of the other information available to Zantac users, eliminates any possibility of deception."); *Fuchs*, 2017 U.S. Dist. LEXIS 160336, at *12-13 ("Consumers in the Plaintiffs' position have direct access to all of the information they need as to dimensional size: the lumber's width and height are right there for the measuring."); *Galanis v. Starbucks Corp.*, No. 16-C-4705, 2016 U.S. Dist. LEXIS 142380, at *6-7 (N.D. Ill. Oct. 14, 2016) ("If children have figured out that including ice in a cold beverage decreases the amount of liquid they will receive, the Court has no difficulty concluding that a reasonable consumer would not be deceived into thinking that when they order an iced tea, that the drink they receive will include both ice and tea and that for a given size cup, some portion of the drink will be ice rather than whatever liquid beverage the consumer ordered.").

The same should result here. The Pudding's ingredients statement unambiguously specifies that the Pudding was made with "Nonfat Milk[,]" "Palm Oil[,]" and other ingredients. *See* Compl. ¶¶ 22-23. It just as plainly indicates that the Pudding was *not* made with whole milk, and nowhere does the Pudding state that it is made with whole milk or that milkfat is the exclusive (or even main source) of the Pudding's fat content. *See id.* If a reasonable consumer had any question as to the milk used in the Pudding, "[t]he ingredient list[] thus clarif[ies]—in exactly the spot consumers are trained to look—that [the Pudding was made with nonfat milk]. No reasonable consumer could have been misled in light of this clarifying language." *Davis*, 297 F. Supp. 3d at 337. "Plaintiff[] and the general consuming public are not free to ignore the ingredient list that does not include the words [whole milk]." *Cheslow*, 445 F. Supp. 3d at 20; *see also Ibarrola*, 83 F. Supp. 3d at 759. The Court, therefore, should follow this great weight of authority and dismiss Plaintiff's claims with prejudice.

*Second*, the additional disclosure on the top of the packaging that the Pudding is "*Made With Nonfat Milk" forecloses any baseless claim that a reasonable consumer would be misled. *Bober*, 246 F.3d at 939-40.  A range of courts have rejected challenges to labeling that contained similarly placed disclosures.  For instance, the Seventh Circuit affirmed the dismissal of claims that the defendant misrepresented the efficacy of equal doses of Zantac 75 and Zantac 150 and discouraged users from substituting the two products, observing that the disclaimers—including disclaimers on the product packaging—only stated consumers should direct all inquiries about substituting the two products to their treating physicians and that the products contained the same active ingredients.  It, therefore, concluded that "examining the statements at issue, together and in the context of the other information available to Zantac users, eliminates any possibility of deception[.]"  *Id.* at 940; *see also Moore*, 4 F.4th at 882-85 (citing contextual clues—like the honey grade and price—that would disabuse reasonable consumers of the plaintiffs' "unreasonable or fanciful" interpretation); *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 391-92 (E.D.N.Y. 2017) (dismissing claim that Sapporo Beer was brewed in Japan, based on similarly sized and placed disclosures on the beer cans and bottles).

These cases are analogous to the disclosure at issue here.  This disclosure appears below the "Made With Real Milk*" statement on the top labeling, and it is demarcated by the same asterisk that accompanies the "Made With Real Milk*" statements.  Tellingly, there is no allegation that Plaintiff failed to see "*Made With Nonfat Milk" disclosure.  *See generally* Compl.  Plaintiff instead attempts to discount the significance of the disclosure with irrelevant, inane allegations regarding her counsel's purported technical inability to enlarge a *computer image* of the disclosure, *see* Compl. ¶¶ 19-20, despite the fact that the "Made With Real Milk*" disclosure is clearly visible and legible in two separate images contained in Complaint itself.  *See*

Compl. ¶¶ 16-17.   These allegations provide no *facts* of the circumstances surrounding Plaintiff's—or any reasonable consumer's—purchase of the Pudding. The Court should reject them as wholly speculative and conclusory.  *See Hu v. Huey,* No. 07 C 3822, 2008 U.S. Dist. LEXIS 54866, at *24-25 (N.D. Ill. July 18, 2008) (dismissing complaint because its "conclusory and contradictory" allegations would "not pass the speculative test set forth in *Twombly*").

The Court, therefore, should find that the accurate ingredient list identifying "nonfat milk" and "*Made With Nonfat Milk" disclosure provide additional bases to conclude that no reasonable consumer would be misled and, thus, dismiss Plaintiff's ICFA claim with prejudice.

## II.    All of Plaintiff's Claims Fail for Additional, Independent Reasons

The same failed allegations cannot sustain Plaintiff's common law claims against Conagra. *See generally* Compl. ¶¶ 81-95.   *All* of these claims fail because Plaintiff's core premise—that milk somehow cannot be milk—is unreasonable, defies common sense, and fails as a matter of law.  Just as in the *Ibarrola*, *Harris*, and *Moore* cases above, Plaintiff's common law claims all fail because she does not—and cannot—identify a single actionable misrepresentation.  Moreover, even if Plaintiff's theory of deception somehow survived, her claims still all independently fail as a matter of law for the reasons set forth below.

### A. Plaintiff's Fraud, ICFA, and Unjust Enrichment Claims Fail Because Plaintiff Cannot Allege Fraud with Particularity

Because her ICFA, fraud, negligent misrepresentation, and unjust enrichment claims sound in fraud, Plaintiff must also satisfy Rule 9(b)'s heightened pleading requirements and plead the "circumstances constituting fraud" with particularity.  Fed. R. Civ. P. 9(b).  Plaintiff must not only specify "who, what, when, where, and how" of the purported fraud, but also demonstrate that "fraud is a 'necessary or probable inference from the facts alleged.'"  *Spector v. Mondelez Int'l, Inc.,* 178 F. Supp. 3d 657, 671-72 (N.D. Ill. 2016).   Plaintiff's allegations fall far

short of this heightened standard.

As an initial matter, Plaintiff has not pled an actionable misrepresentation.  *See, e.g.*, *Guajardo*, 2021 U.S. Dist. LEXIS 179774, at *5-7; *Ibarrola*, 83 F. Supp. 3d at 759-61. Moreover, she nevertheless pushes general and conclusory allegations that she somehow was deceived into believing that the Pudding would contain whole milk and milkfat.  *See* Compl. ¶¶ 61-62.  These bland conclusions are bereft of the detail necessary to satisfy the particularity standard under Rule 9(b).  Plaintiff provides no details of her purchase of the Pudding.  She does not describe what parts of the label she saw, what parts she did not see, or where she saw it.  The Complaint's wholesale lack of detail underscores that Plaintiff has not—and cannot—allege ***how*** the labeling was allegedly fraudulent under Rule 9(b).  *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 737-38 (N.D. Ill. 2015) (concluding that consumer failed to plead ICFA and unjust enrichment claims with particularity where he relied on only "vague, nonspecific statements" and failed to explain *how* the alleged misrepresentations were false).

Plaintiff similarly makes no effort to explain how she held her belief that the Pudding was made with whole milk when the plain disclosures on the Pudding would have dispelled any such absurd notion. She does not detail whether she looked at the ingredients statement— "exactly the spot consumers are trained to look." *Davis*, 297 F. Supp. 3d at 337.  Nor does she allege whether she viewed the "*Made With Nonfat Milk" disclosure on the top of the Pudding or explain how she maintained her irrational belief that the Pudding "fat content was exclusively or predominantly from . . . [the] milkfat" in whole milk.  Compl. ¶ 31.  Courts have dismissed similarly lacking efforts to reconcile a plaintiff's unfounded beliefs with the disclosures on product labeling.  *Chase v. Hobby Lobby Stores, Inc.*, No. 17-CV-00881, 2017 U.S. Dist. LEXIS 162909, at *9 (S.D. Cal. Oct. 2, 2017) (plaintiff failed to allege whether she saw the asterisk in

the challenged ad or if she read the corresponding disclaimer).  So, too, should this Court.

### B. Plaintiff's Fraud and ICFA Claims Fail Because Plaintiff Cannot Allege Scienter

Plaintiff's threadbare allegations also fail to plausibly allege scienter, an "essential element of common-law fraud." *Ollivier v. Alden,* 634 N.E.2d 418, 424 (Ill. 1994); *see also Spector*, 178 F. Supp. 3d at 672 (stating that a complaint must demonstrate that "fraud is a necessary or probable inference from the facts alleged").  Plaintiff again ignores that that both palm oil and nonfat milk are clearly disclosed on the packaging, *see* Compl. ¶¶ 16-19, 21-23, and instead makes an oblique reference to competitors' labeling that is insufficient to plead scienter. *See Spector*, 178 F. Supp. 3d at 672.  Plaintiff also baldly claims that Conagra's "fraudulent intent is evinced its knowledge that it replaced milkfat with palm oil, evinced by the asterisk which is difficult for consumers like Plaintiff to notice."  Compl. ¶ 94.  This is a variation of a tried—and failed—allegation that appears in a number of actions brought by Mr. Sheehan.  *See, e.g.*, *Twohig v. Shop-Rite Supermkts., Inc.*, 519 F. Supp. 3d 154, 159 (S.D.N.Y. 2021) (dismissing fraud claim brought by Mr. Sheehan based on substantially similar allegation); *Barreto*, 2021 U.S. Dist. LEXIS 3436, at *22.  This Court should follow those courts and dismiss Plaintiff's claim for what it is: conclusory rhetoric that offers "no factual detail to support" Plaintiff's allegation of scienter.  *Yeftich v. Navistar, Inc.,* 722 F.3d 911, 916 (7th Cir. 2013); *see also Spector,* 178 F. Supp. 3d at 672 .

### C. Plaintiff's Negligent Misrepresentation Claim Fails under Illinois Law

Additionally, Plaintiff's negligent misrepresentation claim does not survive under Illinois law for her arm's length consumer transaction with a third-party supermarket.  Illinois courts will dismiss negligent misrepresentation claims unless the Plaintiff can show a duty to disclose is necessary to: (1) "avoid negligently conveying false information that results in physical injury to

a person or harm to property," or (2) "avoid negligently conveying false information where one is in the business of supplying information for the guidance of others in their business transactions." *Forth v. Walgreen Co.*, No. 17-cv-2246, 2018 U.S. Dist. LEXIS 39212, at *19-20 (N.D. Ill. Mar. 9, 2018). Here, any negligent misrepresentation claim fails because Plaintiff does not claim she suffered physical injury or harm to property.[4] Similarly, Conagra is in the business of selling food products, not information. *See id.* at *20 ("[O]ne is not in the business of supplying information for the guidance of others in their business transactions if the information that is supplied is merely ancillary to the sale or in connection with the sale of merchandise[.]").

Nor can Plaintiff ignore that the Pudding labeling was—and continues to be—true and that the disclosure statement and ingredients label on the Pudding plainly disclose that the Pudding was made with nonfat milk instead of whole milk and contains palm oil. *Sarr*, 2020 U.S. Dist. LEXIS 25594, at *19. In sum, there is no plausible argument that supports Plaintiff's claims for negligent misrepresentation for this consumer transaction.

### D.  Plaintiff Fails to State Claims for Breach of Express or Implied Warranty

Plaintiff's similarly conclusory warranty claims all fail as a matter of law. *First*, the Complaint unequivocally discloses that Plaintiff was *not* in privity with Conagra. Privity of contract, however, is necessary to sustain claims for breach of express and implied warranty. *See Baldwin*, 78 F. Supp. 3d at 740 ("Privity means that a plaintiff can only recover against his immediate seller."). The only factual allegations that Plaintiff provides are that she is a consumer who purchased the Pudding at Dollar General in Hamel, Illinois. Compl. ¶ 60. She

---

[4] In fact, the only "injury" that Plaintiff claims she suffered is monetary in nature, *see* Compl. ¶ 64, and her negligent misrepresentation claim thus is barred by the economic loss doctrine. *See, e.g.*, *Gondeck v. A Clear Title & Escrow Exch., LLC,* 47 F. Supp. 3d 729, 748 (N.D. Ill. 2014); *Ibarolla v. Nutrex Rsch., Inc.,* No. 12 C 4848, 2012 U.S. Dist. LEXIS 155721, at *14-17 (N.D. Ill. Oct. 31, 2012) (dismissing negligent misrepresentation claim under economic loss doctrine where plaintiff alleged nutrition supplements were deceptively advertised and labeled).

was not in privity with Conagra for this purchase.  *See Baldwin*, 78 F. Supp. 3d at 740.

*Second*, Plaintiff points to no actionable statement that could sustain a breach of warranty claim.  A plaintiff cannot prevail on a warranty claim predicated on supposedly false advertising *unless* she establishes that the defendant's advertising was likely to mislead a reasonable consumer.  *See, e.g., Spector*, 178 F. Supp. 3d at 674 (dismissing breach of express warranty claim where the plaintiff failed to plead deception required for ICFA claim).  Because Plaintiff has not plausibly alleged that the Pudding's labeling is deceptive, her breach of express and implied warranty claims necessarily fail as well.[5]

*Finally*, Plaintiff's breach of warranty claims fail for lack of pre-suit notice.  Illinois law requires that "a buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."  810 ILCS 5/2-607(3)(a).  Plaintiff does not allege that she provided Conagra with notice of her claim before filing this lawsuit.  *See, e.g., Ibarrola*, 83 F. Supp. 3d at 761 (dismissing breach of warranty claims with prejudice for failing to provide pre-suit notice); *Jones v. Apple, Inc.,* No. 15-249, 2016 U.S. Dist. LEXIS 112290, at *7-13 (S.D. Ill. Aug. 22, 2016).  Nor can Plaintiff rely on a conclusory allegation that Conagra "received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices." Compl. ¶ 85.  Tellingly, Plaintiff alleges no details of these purported complaints to Conagra's "main offices."  And Illinois courts require more than a defendant's purported knowledge of generic "issues."  A

---

[5] To the extent that Plaintiff claims the statement "Made With Real Milk*" somehow warrants that the Pudding's main source of fat was from milkfat, *see* Compl. ¶ 81, this claim must be dismissed because "Made With Real Milk*" is not an affirmation of fact or promise about the composition of the Pudding's fat content.  *Guajardo*, 503 F. Supp. 3d at 754; *see also Sarr*, 2020 U.S. Dist. LEXIS 25594, at *21-22 (dismissing breach of express warranty claim because the defendant truthfully represented that the mashed potatoes were "made with real butter" and "did not expressly warrant that the Mashed Potatoes did not contain vegetable oil").

Plaintiff can satisfy the notice requirement only where "the *manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer*." *Connick v. Suzuki Motor Co.,* 675 N.E.2d 584, 590 (Ill. 1996) (emphasis added).   All of Plaintiff's breach of warranty claims fail as a matter of law.[6]

### E.  Plaintiff's Unjust Enrichment Claim Fails as Duplicative of Her Other Claims

Plaintiff's claim for unjust enrichment likewise fails because it simply rests on same deficient allegations as the rest of her claims.  An unjust enrichment claim is not an independent cause of action under Illinois law, and it cannot serve as a catchall to be used when other claims fail.  *See Ass'n Benefit Servs. v. Caremark Rx, Inc.*, 493 F.3d 841, 855 (7th Cir. 2007).  This rule repeatedly has been applied by Illinois federal courts in dismissing tacked-on unjust enrichment claims.  *See Horist v. Sudler & Co.*, 941 F.3d 274, 281 (7th Cir. 2019); *Guajardo*, 2021 U.S. Dist. LEXIS 179774, at *19-20.  Here, there is no meaningful distinction between Plaintiff's unjust enrichment claim and the other claims she raises in this action.  *Compare* Compl. ¶ 95, *with id.* ¶¶ 75-94.  Therefore, there is no plausible basis for this claim to remain in this action.

### III.   Plaintiff Lacks Standing to Seek Injunctive Relief

Courts in the Seventh Circuit dismiss claims for injunctive relief in labeling cases where, as here, the plaintiff now is aware of the alleged misrepresentations that she challenges and is thus "not likely to be harmed by the practices in the future."  *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014); *see also Forth*, 2018 U.S. Dist. LEXIS 39212, at *39-40 ("[P]laintiffs cannot seek injunctive relief once they are aware of a deceptive practice.").

Plaintiff admits she knows (1) "Made with Real Milk*" contains an asterisk indicating

---

[6] Because Plaintiff's breach of warranty claims all fail, so does Plaintiff's MMWA claim.  *See Schiesser v. Ford Motor Co.*, No. 16 C 730, 2017 U.S. Dist. LEXIS 53180, at *10-11 (N.D. Ill. Apr. 6, 2017).

that the Pudding is "*Made With Nonfat Milk" and (2) the "ingredient list shows the [Pudding] contains 'Nonfat Milk.'" Compl. ¶¶ 18, 20, 22.  Accordingly, regardless of whether Plaintiff previously held sincere—yet irrational—misunderstandings about the Pudding ingredients, those misunderstandings have now been disabused by her admitted actual knowledge.  *Camasta*, 761 F.3d at 741.  She, therefore, is aware of the truth and is "not likely to be harmed by the practices in the future." *Id.*; *see also Conrad v. Boiron, Inc.,* 869 F.3d 536, 542 (7th Cir. 2017).

Plaintiff claims that she "intends to, seeks to, and will purchase the Product again when she can do so with the assurance that [Pudding's] representations about its components and ingredients are consistent with its representations" Compl. ¶ 65, but this allegation only further confirms that she lacks standing to pursue injunctive relief.  *Atik v. Welch Foods, Inc.*, No. 15-cv-5405, 2016 U.S. Dist. LEXIS 136056, at *6, *19 (E.D.N.Y. Sept. 30, 2016) (concluding plaintiffs lack standing for injunctive relief where they alleged they "would resume purchasing the Products in the future ***but only if*** the representations on the Products' labels were 'truthful and non-deceptive'").  She lacks standing to pursue injunctive relief for her deficient claims.

## IV.    The Court Should Dismiss Plaintiff's Complaint with Prejudice.

Leave to amend a complaint should be permitted only "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts have broad discretion to deny leave where amendment would be futile, *Doermer v. Callen,* 847 F.3d 522, 528 (7th Cir. 2017).  Here, Plaintiff's challenges to the Pudding's "Made with Real Milk*" labeling all fail as a matter of law, as demonstrated above and as recognized in analogous "made with real" decisions across the country.  There is no basis to think that yet another version of "made with real" claims will survive.

## CONCLUSION

Conagra respectfully requests that the Court dismiss Plaintiff's claims with prejudice.

October 11, 2021                              Respectfully submitted,


                                    By:    /s/ Angela M. Spivey
                                           Angela M. Spivey (*pro hac vice*)
                                           Andrew G. Phillips (*pro hac vice*)
                                           Alan F. Pryor (*pro hac vice*)

                                           Alston & Bird LLP
                                           1201 W. Peachtree Street
                                           Atlanta, Georgia 30309
                                           Phone: (404) 881-7000
                                           Fax: (404) 881-7777
                                           angela.spivey@alston.com
                                           andrew.phillips@alston.com
                                           alan.pryor@alston.com

                                           *Counsel for Conagra Brands, Inc.*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed on October 11, 2021, with the Court and served electronically through the CM/ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case.


                                           /s/ Angela M. Spivey
                                           Angela M. Spivey