IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BARBARA WIENHOFF, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 3:21-cv-00501-NJR |
| v. | ) | |
| | ) | |
| CONAGRA BRANDS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CONAGRA BRANDS, INC.'S BRIEF REGARDING
SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Local Rule 7.1(c) and the Court's July 7, 2022 Order (Dkt. 21), Defendant Conagra Brands, Inc. ("Conagra") submits this brief in support of its Motion to Dismiss (Dkt. 13) to address the supplemental authority that this Court, the Northern District of Illinois, and two other federal district courts have issued in cases substantially similar cases to this one:

This case is about pudding. By her account, Plaintiff does not care much for Conagra's Chocolate Fudge Snack Pack Pudding (the "Pudding"). She feels that the Pudding is falsely labeled as "Made with Real Milk*" because it is made with nonfat milk. She also feels that the words "Made with Real Milk*" falsely insinuate that the Pudding is made with whole milk and contains no other fats or oils besides milkfat—despite none of those representations appearing on the product packaging. Plaintiff's subjective feelings, however, are not proxies for the expectations of reasonable consumers, and they do not and cannot give rise to valid claims upon which relief can be granted. Accordingly, Conagra moved to dismiss Plaintiff's Complaint on October 11, 2021, arguing that Plaintiff's "speculative, unilateral assumptions—untethered to the actual product packaging and disclosures—do not state a plausible claim for relief" because "the label 'Made with Real Milk*' is accurate and would not mislead a reasonable consumer and,

separately, because the truthful statements on the label would dispel any irrational understanding." (Dkt. 13 at 1, 2). Plaintiff opposed, and Conagra's Motion to Dismiss became ripe for determination when Conagra filed its Reply Brief on November 22, 2021.

In the months since Conagra filed its Reply Brief, other federal courts have dismissed complaints (filed by Plaintiff's counsel) raising substantially similar allegations as Plaintiff's. These rulings make clear that Plaintiff's allegations have long since soured and that her Complaint should be dismissed in its entirety.[1]

### A. No Reasonable Consumer Would Be Misled By the Pudding's "Made With Real Milk*" Label

*First*, this Court, the Northern District of Illinois, and others emphasize that courts should pay heed to what a label does—and does *not*—claim. For instance, in *Chiappetta v. Kellogg Sales Company* the Northern District of Illinois dismissed a suit (brought by Plaintiff's counsel) alleging that the labeling for strawberry Pop-Tarts deceptively implies that the product's filling contains "more strawberries than it does." No. 21-cv-3545, 2022 U.S. Dist. LEXIS 35632, at *9-10 (N.D. Ill. Mar. 1, 2022). In rejecting the allegations, the court concluded that the plaintiff's "interpretation of the [Pop-Tarts] label is *unreasonable and unactionable*" because the plaintiff could not identify any "untruths on the packaging." *Id.* at *10 (emph. added). The front of the box did not "state or suggest anything about the amount of strawberries" in the Pop-Tars' filling or "guarantee that the filling contains only strawberries[.]" *Id.*

Similarly, this Court was equally skeptical of a plaintiff (again, represented by Mr. Sheehan) who claimed that "Golden Butter" crackers were deceptive because they contained

---

[1] To be clear, although Conagra only briefs those cases for which it requested and received leave to address herein, *see* Dkt. 20, at 1-2, these decisions represent only a fraction of the growing body of case law establishing that the kinds of allegations that Plaintiff raises here do not—and cannot—state a plausible claim for relief.

more than a "non-de minimis amount of butter substitutes." *See Floyd v. Pepperidge Farm, Inc*. ___ F. Supp. 3d ___, 2022 U.S. Dist. LEXIS 12610, at *9 (S.D. Ill. Jan. 24, 2022) (McGlynn, J.). The court rejected these allegations, observing that a label cannot be misleading "unless it actually conveys untrue information about a product." *Id.* at *9. The label made no representations that the crackers did not contain other fats or oils. In other words, "[t]here are no untruths on the packaging and there is no deception." *Id.* at *10.

The guidance from these decisions is clear: reasonable consumers do not read illusory "untruths" into truthful, accurate labels, so neither should the courts. Yet that is exactly what Plaintiff asks the Court to do here. She claims that she has deciphered a misleading message on the Pudding: that it should be made with whole milk and contain only milkfats. These "claims" appear nowhere on the Pudding's label. In fact, the Pudding's label does *not* state: that it is made with whole milk; that milkfat is the exclusive (or even main source) of the Pudding's fat content; or that it contains no other fats or oils. The "Made With Real Milk*" label is true and not misleading on its face because—as Plaintiff admits—the Pudding was made with real, nonfat milk. *See* Compl. ¶ 22. Despite all her efforts, Plaintiff does not—and cannot—identify a single "untruth" on the Pudding label. She is left with speculative, unilateral assumptions—untethered to the actual product packaging and disclosures—that are the very kind of strained interpretations that this Court and the Northern District of Illinois have dismissed as "unreasonable and unactionable." *Chiappetta*, 2022 U.S. Dist. LEXIS 35632, at *10; *see Floyd*, 2022 U.S. Dist. LEXIS 12610, at *10.

***Second***, the supplemental authority makes clear that courts should reject overdone allegations insinuating that reasonable consumers table their common sense to assume things about a product *other* than what its label actually claims. In yet another "made with real" case

resembling this one, the Southern District of New York dismissed a lawsuit (again, brought by Plaintiff's counsel here) claiming that an ice cream bar's "Dipped in Rich Milk Chocolate" claim was deceptive because the bar's chocolate coating also contained vegetable oils.  *See Yu v. Dreyer's Grand Ice Cream, Inc.*, ___ F. Supp. 3d ___, 2022 U.S. Dist. LEXIS 47043 (S.D.N.Y. Mar. 16, 2022).  Citing other "made with real" cases, the court squarely rejected the plaintiff's allegation "because no reasonable consumer would understand the . . . Product's label to mean that the coating contained only chocolate."  *Id.* at *11.  Because the label lacked claims that the coating was "only," "exclusively," or "100%" chocolate, reasonable consumers simply could not embrace the plaintiff's speculation.  *See id.* at *13-15.  The Eastern District of New York agrees.  *See, e.g.*, *Warren v. Whole Foods Mkt. Grp., Inc.*, No. 19-cv-6448-PRK-LB, 2021 U.S. Dist. LEXIS 231930 (E.D.N.Y. Dec. 3, 2021).  There, the court dismissed claims (brought by Mr. Sheehan) that the statement "100% whole grain" on "Oats & Flax" instant oatmeal deceptively implies that the product contains ***only*** whole grains.  The court rejected the plaintiffs' assumption that reasonable consumers would leave their common sense in a store's parking lot and believe that "Oats & Flax" instant oatmeal contains no other ingredients besides whole grains.  *Id.* at *13.

The same results follow here.  As the plaintiffs do in *Yu* and *Warren*, Plaintiff claims that reasonable consumers embrace an irrational, unilateral belief: that nonfat milk somehow is not "Real Milk*".  And, as the courts in *Yu* and *Warren* did, the Court should dismiss these claims because they are conclusory and contrary to the experience of typical consumers who see a variety of cow's milk in their supermarkets' dairy section.  Simply put, reasonable consumers would not be misled by the Pudding's labeling because they would not believe that nonfat milk is any more—or less—"real" than whole, 1%, or 2% milk.  *Yu*, 2022 U.S. Dist. LEXIS 47043, at

*15-16.  As for Plaintiff's insistence that she expected a pudding that contained no other fats or oils—only milkfat—that kind of rank speculation is out to pasture.  The Pudding's label makes *no* claim that milkfat is the exclusive (or even main source) of the Pudding's fat content or that it contains no other fats or oils.  *See, e.g.*, *Yu*, 2022 U.S. Dist. LEXIS 47043, at *15-16 ("Thus, the Court finds that a reasonable consumer would not be misled into believing that the Product's coating did not contain any vegetable oils."); *see also Chiappetta*, 2022 U.S. Dist. LEXIS 35632, at *10; *Floyd*, 2022 U.S. Dist. LEXIS 12610, at *10.

Simply put, Plaintiff cannot meet the basic requirement that—even in the first instance "a significant portion of the general consuming public . . . acting reasonably in the circumstances, could be misled.  *Floyd*, 2022 U.S. Dist. LEXIS 12610, at *8.

**B.      When Viewed in Context, the Pudding's Packaging Confirms No Reasonable Consumer Would Be Misled By the "Made With Real Milk*" Label**

***Finally***, the supplemental authority reaffirms an additional, independent basis for dismissing Plaintiff's claims: the other truthful statements on the Pudding's label would dispel any irrational understanding that Plaintiff supposedly holds.  The district court in *Warren* aptly noted that "[c]ourts view each allegedly misleading statement in light of its context on the product label or advertisement as a whole."  *Warren*, 2021 U.S. Dist. LEXIS 231930, at *12.  Moreover, the court reasoned, "consumers who interpret ambiguous statements in an unnatural or debatable manner do so unreasonably if an ingredient label would set them straight."  *Id.* at *18.

These principles, and the court's reasoning in *Warren*, apply with equal force here.  *See* (Dkt. 13 at 11-14).  In claiming to have been deceived, Plaintiff inexplicably ignores (1) the product ingredient list identifying nonfat milk as the second ingredient by predominance and (2) the on-label asterisk in the phrase "Made with Real Milk*[,]" which directs the consumer to the

disclosure "*Made With Nonfat Milk". This "context is crucial." *Id.* at *10. Similar to the court in *Warren*, the Pudding's "ingredient label would set [Plaintiff] straight" and forecloses any claim that consumers would be misled. *Id.* at *18. Moreover, the asterisk and additional disclosure on the top of the Pudding packaging (that it is "*Made With Nonfat Milk") resemble to the packaging at issue in *Warren*, and foreclose any baseless claim that a reasonable consumer would be misled. *See id.* at *13 ("[T]he text surrounding the whole-grain stamp makes [Plaintiffs'] understanding of the stamp implausible.").

### C.      Conclusion

As more food labeling cases—including the supplemental authority addressed in this brief—are decided, it becomes increasingly clear that Plaintiff's theory of deception in this case is unreasonable and implausible. Her claims should be dismissed with prejudice.


July 21, 2022                              Respectfully submitted,


                                By:   */s/ Angela M. Spivey*
                                      Angela M. Spivey (*pro hac vice*)
                                      Andrew G. Phillips (*pro hac vice*)
                                      Alan F. Pryor (*pro hac vice*)

                                      Alston & Bird LLP
                                      1201 W. Peachtree Street
                                      Atlanta, Georgia 30309
                                      Phone: (404) 881-7000
                                      Fax: (404) 881-7777
                                      angela.spivey@alston.com
                                      andrew.phillips@alston.com
                                      alan.pryor@alston.com

                                      *Counsel for Conagra Brands, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed on July 21, 2022, with the Court and served electronically through the CM/ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case.

*/s/ Angela M. Spivey*
Angela M. Spivey
